IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES D. HARRIS, JR. and | § | |
| JAMES D. HARRIS, SR. | § | PLAINTIFFS |
| | § | |
| V. | § | Civil No. 1:08CV302-HSO-JMR |
| | § | |
| EVERHOME MORTGAGE | § | |
| COMPANY | § | DEFENDANTS |

## ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER

BEFORE THE COURT is the Ex Parte Application for Temporary Restraining Order ["TRO"] [3-1] filed on July 15, 2008, by Plaintiffs James D. Harris, Jr., and James D. Harris, Sr. ["Plaintiffs"], in the above-captioned cause, pursuant to Federal Rule of Civil Procedure 65(b).  Plaintiffs seek to enjoin a foreclosure sale of property located at 15318 O'Neal Road, Gulfport, Mississippi, which is apparently set for July 25, 2008, without bond.

Plaintiffs' Application is also captioned as a "Motion for Emergency Ex Parte Preliminary Injunction."  However, Federal Rule of Civil Procedure 65(a)(1) does not allow for an ex parte preliminary injunction.  This Rule provides that "[t]he court may issue a preliminary injunction only on notice to the adverse party."  Fed. R. Civ. P. 65(a)(1).  Moreover, a plain reading of Plaintiffs' Application itself shows that what Plaintiffs are in fact seeking is an ex parte TRO.

An ex parte TRO is available without notice under Federal Rule of Civil Procedure 65(b).  As Plaintiffs recognize in their Memorandum, the United States Supreme Court "has repeatedly held that the basis for injunctive relief in the

federal courts has always been irreparable injury and the inadequacy of legal remedies." *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982). The party seeking a TRO must satisfy a cumulative burden of proving four elements before a TRO can be granted:

> (i) a substantial likelihood of success on the merits; (ii) a substantial threat of immediate and irreparable harm for which it has no adequate remedy at law; (iii) that greater injury will result from denying the temporary restraining order than from its being granted; and (iv) that a temporary restraining order will not disserve the public interest.

*Clark v. Prichard,* 812 F.2d 991, 993 (5th Cir. 1987).

The gravamen of Plaintiffs' Ex Parte Application for TRO is that Defendant Everhome Mortgage Company has allegedly violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ["FDCPA"], in relation to the mortgage on Plaintiffs' property. Based on these purported violations, Plaintiffs seek to stop the foreclosure on the subject property.

Although the Fifth Circuit "has not definitively ruled on the issue," it has recognized that "courts uniformly hold that the FDCPA does not authorize equitable relief." *Bolin v. Sears, Roebuck & Co.*, 231 F.3d 970, 977 n.39 (5th Cir. 2000). Plaintiffs may be entitled to monetary damages for claims asserted in their Complaint, or any future amended Complaint, if their claims survive dispositive motions and are proven at trial. However, as many courts have determined, the FDCPA cannot be used as a proverbial sword, rather than as a shield, as Congress intended. *See, e.g., Young v. Citicorp Retail Services, Inc.,* 1997 WL 280508, *6 (D. Conn. May 19, 1997); *In re Cunningham*, 2008 WL 1696756, *14 n.12 (Bankr. N.D.

Tex. April 9, 2008).

Based on the present record before the Court, it cannot conclude that Plaintiffs have met their burden of showing that there is a substantial likelihood of success on the merits, or that they lack an adequate remedy at law.  The Court is therefore of the opinion that Plaintiffs' Ex Parte Application for TRO cannot succeed for these reasons alone.  Moreover, the Court is further of the opinion that, based on the record before it, Plaintiffs have not shown that the other required elements for issuance of a TRO, which is considered an extraordinary remedy, have been satisfied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiffs' Ex Parte Application for Temporary Restraining Order [3-1], filed on July 15, 2008, should be and is hereby **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Clerk of Court is ordered to send a copy of this Order to Plaintiffs by certified mail.

**SO ORDERED AND ADJUDGED**, this the 23rd day of July, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE