**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JAMES D. HARRIS, JR. and** | § | |
| **JAMES D. HARRIS, SR.** | § | **PLAINTIFFS** |
| | § | |
| **V.** | § | **Civil No. 1:08CV302-HSO-JMR** |
| | § | |
| **EVERHOME MORTGAGE** | § | |
| **COMPANY** | § | **DEFENDANT** |

**ORDER DENYING PLAINTIFFS' EMERGENCY
APPLICATIONS FOR TEMPORARY RESTRAINING ORDERS**

BEFORE THE COURT are the two Motions for Temporary Restraining Orders[1] ["TRO"] [11-1] and [22-1], filed on July 24, 2008, and August 21, 2008, respectively, by Plaintiffs James D. Harris, Jr., and James D. Harris, Sr. ["Plaintiffs"], in the above-captioned cause, pursuant to Federal Rule of Civil Procedure 65(b).  Plaintiffs seek to enjoin a foreclosure sale of property located at 15318 O'Neal Road, Gulfport, Mississippi.  Defendant EverHome Mortgage Company ["EverHome"] has filed a Response [16-1] to Plaintiffs' Motion for TRO [11-1].  The Court denied a similar Motion for TRO [3-1] by its Order [7-1] dated July 23, 2008.

As the Court stated in its previous Order [7-1], the party seeking a TRO must satisfy a cumulative burden of proving four elements before a TRO can be granted:

(i) a substantial likelihood of success on the merits; (ii) a substantial

---

[1]  Plaintiffs' first Motion [11-1] under consideration was titled "Emergency Application for Temporary Stay," and their second Motion [22-1] was titled an "Emergency Application for Stay of Illegal Sale."  However, a plain reading of both of these Motions reveals that both are Motions for TRO.

threat of immediate and irreparable harm for which it has no adequate remedy at law; (iii) that greater injury will result from denying the temporary restraining order than from its being granted; and (iv) that a temporary restraining order will not disserve the public interest.

*Clark v. Prichard,* 812 F.2d 991, 993 (5th Cir. 1987).

The present Motions are essentially regurgitations of the arguments previously asserted by Plaintiffs in their original Motion [3-1], which the Court denied.  Based on the present record before the Court, it cannot conclude that Plaintiffs have met their burden of showing that there is a substantial likelihood of success on the merits, or that they lack an adequate remedy at law.  The Court is therefore of the opinion that Plaintiffs' two Motions for TRO cannot succeed for these reasons alone.  Moreover, the Court is further of the opinion that, based on the record before it, Plaintiffs are unable to show that the other required elements for issuance of a TRO, which is considered an extraordinary remedy, have been satisfied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiffs' Motions for Temporary Restraining Orders [11-1], [22-1], filed on July 24, 2008, and August 21, 2008, respectively, both should be and are hereby **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Clerk of Court is ordered to send a copy of this Order to Plaintiffs by certified mail.

**SO ORDERED AND ADJUDGED**, this the 26th day of August, 2008.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE