IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES D. HARRIS, JR. and § | | |
| JAMES D. HARRIS, SR. § | | PLAINTIFFS |
| § | | |
| V. § | | Civil No. 1:08CV302-HSO-JMR |
| § | | |
| EVERHOME MORTGAGE § | | |
| COMPANY § | | DEFENDANT |

### ORDER AND REASONS DENYING PLAINTIFFS' MOTION TO AMEND FIRST AMENDED COMPLAINT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT

BEFORE THE COURT are the Motions of Defendant EverHome Mortgage Company ["Defendant"], to Dismiss [17-1] filed in the above-captioned cause on August 15, 2008, or in the alternative, for Summary Judgment [20-1], filed on August 18, 2008. Also before the Court is the Motion of Plaintiffs James D. Harris, Jr., and James D. Harris, Sr. ["Plaintiffs"], to Amend [25-1] their First Amended Complaint filed on August 21, 2008, as part of their Response to Defendant's Motions. Defendant filed a Reply [27-1] on August 29, 2008, in support of its own Motions and in opposition to Plaintiffs' Motion to Amend. After consideration of the record, the parties' submissions, and the relevant legal authorities, and for the reasons discussed below, the Court finds that Defendant's Motion for Summary Judgment should be granted, its Motion to Dismiss denied as moot, and Plaintiffs' Motion to Amend denied.

I. <u>FACTS AND PROCEDURAL HISTORY</u>

On May 9, 1996, Plaintiff James D. Harris, Sr. ["Harris, Sr."], borrowed $67,536.00 from the Bank of Mississippi and executed a promissory note secured by a mortgage on his real property located at 15318 O'Neal Road, Gulfport, Mississippi [the "Property"].  *See* Note, attached as Ex. "A" to Def.'s Mot. for Summ. J.; Deed of Trust, attached as Ex. "B" to Def.'s Mot. for Summ. J.  The Note required Harris, Sr., to repay the loan in monthly installments, with interest of 8.75%, over 30 years. *See* Note, at ¶¶ 2-4, attached as Ex. "A" to Def.'s Mot. for Summ. J. Plaintiff James D. Harris, Jr. ["Harris, Jr."], is not a borrower on the Note.  *See id.*

Defendant subsequently purchased Harris, Sr.'s, Note.  *See* Am. Compl., at ¶ 14; Assignment of loan to Alliance Mortgage Company (EverHome's predecessor), attached as Ex. "C" to Def.'s Mot. for Summ. J.; Amended and Reinstated Articles of Incorporation of EverHome Mortgage Co., attached as Ex. "A" to Def.'s Reply.  After Harris, Sr., defaulted on the loan, Defendant initiated a non-judicial foreclosure proceeding on the Property.  *See* Def.'s Mot. for Summ. J., at p. 2; Payment History, attached as Ex. "D" to Def.'s Mot. for Summ. J.; *see also* Am. Compl., at p. 9.

Plaintiffs filed their Complaint [1-1] in this Court on July 15, 2008, seeking injunctive relief and damages for Defendant's alleged violations of the Fair Debt Collection Practices Act  ["FDCPA"], 15 U.S.C. § 1692, *et seq.,* in relation to Defendant's planned foreclosure sale of the Property.  Plaintiffs filed a Motion for a Temporary Restraining Order [3-1], on July 15, 2008, which the Court denied by

Order [7-1] dated July 23, 2008.  Subsequently, Plaintiffs filed their First Amended Complaint [9-1], and two more Motions for Temporary Restraining Orders [11-1], [22-1], both of which the Court denied by Order [26-1] dated August 26, 2008.

Defendant now moves this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to completely dismiss the present case based upon Plaintiffs' failure to state a claim in their First Amended Complaint.  Alternatively, Defendant seeks summary judgment.  Plaintiffs' Response requests leave to once again amend their Complaint.

## II. DISCUSSION

A.   Plaintiffs' Motion to Amend Their First Amended Complaint

In their Response to Defendant's Motions, Plaintiffs request leave to amend their First Amended Complaint.  Defendant opposes this request.  Federal Rule of Civil Procedure 15(a) provides that leave to amend a party's pleading "shall be freely given when justice so requires."  FED. R. CIV. P. 15(a)(2).  The Fifth Circuit has articulated five considerations in determining whether to grant a party leave to amend a complaint:  1) undue delay; 2) bad faith or dilatory motive; 3) repeated failure to cure deficiencies by previous amendments; 4) undue prejudice to the opposing party; and 5) futility of the amendment.  *See Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (*citing Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (internal citation omitted)).

As discussed in more detail in Section II(C) below, the Court's grant of Defendant's Motion for Summary Judgment in this case is not because Plaintiffs' claims are inartfully pled, but rather, because they are unable to provide competent summary judgment evidence to rebut Defendant's showing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Plaintiffs have already amended their Complaint once, and the Court is of the opinion that the proposed amendments, as reflected in Plaintiffs' Motion to Amend, would be futile. The Court is of the opinion that Plaintiffs' Motion to Amend their First Amended Complaint should be denied. *See Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999) (stating that "[a] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.").

B.   Defendant's Motions

Defendant has filed two identical Motions and asks the Court to consider them as either a motion to dismiss or, alternatively, a motion for summary judgment. Because evidence outside the pleadings has been presented to and considered by the Court with respect to these Motions, and because the parties have been "given a reasonable opportunity to present all the material that is pertinent to the motion[s]," pursuant to Federal Rule of Civil Procedure 12(d), the Court is of the opinion that it should only consider Defendant's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. *See* Fed. R. Civ. P. 12(d).

1.  *Defendant's Motion for Summary Judgment*

Rule 56(c) states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56. The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988).

The mere existence of a disputed factual issue does not foreclose summary judgment. The dispute must be genuine, and the facts must be material. *See Booth v. Wal-Mart Stores, Inc.*, 75 F. Supp. 2d 541, 543 (S.D. Miss. 1999). With regard to "materiality," only those disputes or facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment. *See id.* at 543 (*citing Phillips Oil Company v. OKC Corp.*, 812 F.2d 265, 272 (5th Cir. 1987)). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . . all other contested issues of fact are rendered immaterial." *Id.* (*quoting Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1987)).

To rebut a properly supported motion for summary judgment, a plaintiff must present significant probative evidence, since there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a

verdict for that party. *See Booth*, 75 F. Supp. 2d at 543.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  The non-movant may not rely on mere denials of material facts, nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda.  *See Booth,* 75 F. Supp. 2d at 543.

Plaintiffs advance a myriad of allegations against Defendant in this case. They cite numerous federal statutes in their First Amended Complaint.  In addition to the injunctive relief sought to stop the foreclosure sale, Plaintiffs seek damages for purported violations of the following federal statutes: 15 U.S.C. § 1601 [Truth in Lending Act, or "TILA"]; 12 U.S.C. § 1831n(2)(A) [sic][1]; 12 U.S.C. § 2605 [Real Estate Settlement Procedures Act, or "RESPA"]; and 15 U.S.C. § 1611 [criminal liability section of TILA].  *See* Am. Compl., at p. 11.  Plaintiffs also claim entitlement to damages for fraud, breach of contract, and alleged violations of state securities laws.  *See* Am. Compl., at pp. 13-19.  In addition to "statutory damages" and a restraining order on the foreclosure sale, which the Court has already denied, Plaintiffs ask for an accounting, for the Court to quiet title, and for a declaratory judgment regarding Defendant's status as holder in due course of the Deed of Trust and Note.  *See id.*

---

[1] Presumably Plaintiffs are referring to 12 U.S.C. § 1831n(a)(2)(A) regarding accounting principles applicable to reports or statements required to be filed with federal banking agencies by all insured depository institutions.

Liberally construing Plaintiffs' allegations, the Court finds that their claims involve two basic contentions: (1) that Defendant never produced or sent the *original* Note or Deed of Trust to Plaintiffs before initiating foreclosure proceedings; and (2) that Plaintiffs paid the Note in full before foreclosure, but that Defendant failed to credit their account. *See* Am. Compl., at pp. 7-8.

There is no dispute in the record that when requested, Defendant sent Plaintiffs copies of relevant loan documents. *See* Am. Compl., at pp. 7-8. Plaintiffs contend that they should have been sent the originals of such documents, not copies. *See id.* However, Plaintiffs have pointed to no statute or other legal authority that requires Defendant to produce the originals of such documents, as opposed to copies, prior to seeking foreclosure.

With respect to Plaintiffs' assertion that they have paid the Note in full, Defendant has presented evidence that Plaintiffs have not tendered any payment on the loan since July 2007. *See* Payment History, attached as Ex. "D" to Def.'s Mot. for Summ. J. This payment history establishes that the loan is and has been in default, as Defendant contends. *See id.* In response, Plaintiffs make unsworn, conclusory allegations of payment in full, but provide no competent summary judgment evidence of such.

Defendant has carried its burden of demonstrating that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56. In response, Plaintiffs have not presented significant

probative evidence to counter Defendant's showing, instead relying on mere denials and conclusory averments. These are insufficient to rebut Defendant's showing. *See Booth*, 75 F. Supp. 2d at 543. Nor have Plaintiffs provided competent summary judgment evidence to support their claims. Construing the evidence in the light most favorable to the non-movant, as the Court must, Plaintiffs have not met their burden, and summary judgment in Defendant's favor is appropriate.

The Court also notes that, with respect to Plaintiff James Harris, Jr., the competent summary judgment evidence demonstrates that he was not a borrower on the loan in question. *See* Deed of Trust, attached as Ex. "B" to Def.'s Mot. for Summ. J. Plaintiffs have failed to show that he even has standing to assert any claim against Defendant related to this loan.

    2.    *Defendant's Motion to Dismiss*

Because the Court has determined that Defendant's Motion for Summary Judgment should be granted, it is unnecessary for it to consider Defendant's Motion to Dismiss. Defendant's Motion to Dismiss should therefore be denied as moot.

C.    <u>Plaintiffs' *Pro Se* Status</u>

It is well established that allegations in a *pro se* complaint are generally held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, the Court's grant of Defendant's Motion for Summary Judgment in this case is not because Plaintiffs' claims were inartfully pled. Indeed, Plaintiffs have drafted lengthy and detailed pleadings setting forth their allegations. However, they have not provided sufficient

competent summary judgment evidence to rebut Defendant's showing that it is entitled to judgment as a matter of law. Therefore, summary judgment is appropriate, despite Plaintiffs' *pro se* status. *See Comeaux-Bisor v. YMCA of Greater Houston*, 2008 WL 3889976, *4 (5th Cir. Aug. 22, 2008).

### III.  CONCLUSION

For the reasons stated more fully herein, there is insufficient evidence to establish genuine issues of material fact as to Plaintiffs' claims. Viewing the evidence in the light most favorable to Plaintiffs, the Court finds that Plaintiffs are unable to rebut Defendant's showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Summary judgment is therefore appropriate.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons more fully stated herein, the Motion of Plaintiffs James D. Harris, Jr., and James D. Harris, Sr., to Amend [25-1] their First Amended Complaint filed August 21, 2008, should be and is hereby **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, for the reasons more fully stated herein, the Motion of Defendant EverHome Mortgage Company, for Summary Judgment [20-1] filed August 18, 2008, should be and is hereby **GRANTED**, and this civil action is hereby **DISMISSED WITH PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, for the reasons more fully stated herein, the Motion of Defendant EverHome Mortgage Company to

Dismiss [17-1] filed August 15, 2008, should be and is hereby **DENIED AS MOOT**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Clerk of Court is ordered to send a copy of this Order to Plaintiffs by certified mail.

**SO ORDERED AND ADJUDGED**, this the 25th day of September, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE